## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DIANE HUGHES,<br>individually and on behalf of the class<br>defined herein,<br><br>               Plaintiff,<br><br>      vs.<br><br>HARVEST CREDIT MANAGEMENT VII, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED: JUNE 27, 2008

08CV 3685

JUDGE ASPEN

MAGISTRATE JUDGE DENLOW

EDA

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     This action seeks redress for the conduct of defendant, a debt buyer, in filing collection actions on purported debts to which it did not have lawful title.

2.     There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

3.     There are multiple  reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt.   Smith v. Mallick, 514 F.3d 48 (D.C.Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result).  See also,  Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D.Ind.,  Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D.Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

1

4.      In <u>Wood v. M&J Recovery LLC,</u>. CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D.N.Y., April 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved.  Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

5.      In <u>Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C.,</u> IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D.Ind., April 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

6.      An article that appeared in the trade press shortly before the extension of the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up accounts to collect on. Too small to buy portfolios directly from major credit issuers, they look to the secondary market where portfolios are resold in smaller chunks that they can handle.
>
> But what they sometimes find in the secondary market are horror stories: The same portfolio is sold to multiple buyers; the seller doesn't actually own the portfolio put up for sale; half the accounts are out of statute; accounts are rife with erroneous information; access to documentation is limited or nonexistent. . . . .

Corinna C. Petry, <u>Do Your Homework; Dangers often lay hidden in secondary market debt portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty surprises</u>, Collections & Credit Risk, March 2007, pg. 24 Vol. 12 No. 3.

7.      Courts have also dismissed  numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts.   <u>In re Foreclosure Cases,</u> 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007); <u>In re Foreclosure Cases</u>, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio Nov. 27, 2007); <u>In re Foreclosure Cases</u>, 521 F. Supp. 2d 650 (S.D.Ohio. 2007); <u>In re</u>

Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D.Ohio, Dec. 27,

2007); NovaStar Mortgage, Inc.  v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216

(S.D.Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc.  v. Grooms, 3:07-CV-395, 2007 U.S.

LEXIS 86214 (S.D.Ohio., Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S.

Dist. LEXIS 86215 (S.D.Ohio., Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio

1282; 2008 Ohio App. LEXIS 1103 (Ohio App. March 20, 2008) (judgment for plaintiff reversed

because it failed to introduce assignment or establish that it was the holder of the note and

mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U;

18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct.,

Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14

Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., January 30, 2008);

HSBC Bank USA, N.A., v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A;

2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec.  17, 2007);

Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings.

Co., N.Y. Sup. Ct. 2007).

        8.     Debt buyer American Acceptance filed a lawsuit alleging that a broker of

charged-off debts sold it debts to which it did not have title.  American Acceptance Co. v.

Goldberg, 2:08cv9 (N.D.Ind.).  Another debt buyer, Hudson & Keyse, filed suit alleging that the

same debt broker obtained information about consumer debts owned by Hudson & Keyse and

used the information to try to collect the debts for its own account, even though it didn't own

them.  Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D.Fla., filed Nov.

5, 2007).  A similar suit, alleging that the broker resold accounts it did not own, was filed by Old

National Bank (Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D.Fla.,

Jan. 24, 2008).  The same debt broker is accused in another complaint of selling 6,521 accounts

totaling about $40 million face value which it did not own. RMB Holdings, LLC v. Goldberg &

Associates, LLC, 3:07-cv-00406 (E.D.Tenn., filed Oct. 29, 2007).  Other debt buyers have voiced

similar complaints.  "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

      9.      In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies".  This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

      10.      Section 8b of the ICAA provides:

> **Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**
>
> > **(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**
> >
> > > **(i) the effective date of the assignment; and**
> > >
> > > **(ii) the consideration for the assignment.**
> >
> > **(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**
> >
> > **(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**
> >
> > **(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**
> >
> > **(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

4

11.     Furthermore, the assignment must be attached to the complaint.  <u>Candice</u> <u>Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

12.     Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . . "   735 ILCS 5/2-403(a).

13.     Defendant Harvest Credit Management VII, LLC, a debt buyer regulated by the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

14.     In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f,  and ICAA §9.

## VENUE AND JURISDICTION

15.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

16.     Venue and personal jurisdiction in this District are proper because defendant's collection communications and activities impacted plaintiff  within this District.

## PARTIES

17.     Plaintiff  is an individual who resides in the Northern District of Illinois.

18.     Defendant Harvest Credit Management VII, LLC is a limited liability company organized under the law of Colorado with offices at 600 17th Street, Suite 2800 South, Denver, CO 80202.

19.     Defendant Harvest Credit Management VII, LLC does business in Illinois. Its registered agent and office are National Registered Agents Inc., 200 West Adams Street, Chicago, IL 60606.

20.     Defendant Harvest Credit Management VII, LLC is engaged in the business of purchasing charged-off consumer debts and enforcing the debts against the consumers.

5

21.     Defendant Harvest Credit Management VII, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

22.     Defendant Harvest Credit Management VII, LLC regularly uses the mails and telephones to collect debts.

23.     Defendant Harvest Credit Management VII, LLC has been the plaintiff in more than 80 lawsuits filed in Illinois courts since January 1, 2008 and seeking to collect consumer debts.

24.     Because the purported obligations were originally owed to other entities and were charged off prior to purchase,  Harvest Credit Management VII, LLC is a "debt collector" as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

25.     On or about April 7, 2008, Harvest Credit Management VII, LLC filed suit against plaintiff Diane Hughes in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes.   Harvest Credit Management VII, LLC claimed to have purchased the debt.

26.     The complaint did not attach any sort of assignment.

27.     On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

28.     Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

## FACTS  – GENERAL

29.     Defendant Harvest Credit Management VII, LLC regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

30.     Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

6

31.     On information and belief, based on a computer search of court records, defendant has filed over 40 such lawsuits.

## CLASS ALLEGATIONS

32.     Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).  The class consists of (a) all individuals (b) against whom defendant Harvest Credit Management VII, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

33.     The class is so numerous that joinder of all members is not practicable.

34.     On information and belief, there are at least 40 individuals against whom defendant Harvest Credit Management VII, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

35.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

      a.    Whether defendant engages in a practice of filing lawsuits without attaching  to the complaint an assignment that complied with §8b of the ICAA.

      b.    Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about.

      c.    Whether such practice is an unfair or deceptive.

      d.    Whether defendant violates the ICAA.

36.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

37.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

7

38.    A class action is superior for the fair and efficient adjudication of this

matter, in that:

        a.    Individual actions are not economically feasible.

        b.    Members of the class are likely to be unaware of their rights;

        c.    Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

39.    Plaintiff incorporates paragraphs 1-38.

40.    The filing and prosecution of collection lawsuits notwithstanding a known

defense, in the hope that the consumer will not raise the defense, is both a deceptive collection

practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair

collection practice, in violation of 15 U.S.C. §1692f.

41.    Since Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1488

(M.D.Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the

hope that the consumer will not realize it exists and will default or pay  has been a violation of the

FDCPA.

42.    In addition, by filing suit defendant misrepresents that it has proper title to

the debt and the right to file suit, when this is not true.

43.    Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

8

> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

44.     Section 1692f provides:

> **§ 1692f.        Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

> (1)     Statutory damages;
>
> (2)     Actual damages;
>
> (3)      Attorney's fees, litigation expenses and costs of suit;
>
> (4)      Such other and further relief as the Court deems proper.

## COUNT II  – ILLINOIS COLLECTION AGENCY ACT

45.     Plaintiff incorporates paragraphs 1-38.

46.     Defendant is a "collection agency" as defined in the ICAA.  Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."  Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".   By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

47.     Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

48.     Defendant negligently or knowingly violated the following provisions of 225 ILCS 425/9:

**. . .(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.  . . .**

49.     A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

50.     Plaintiff and the members of the class were damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class and against defendant:

      a.     Compensatory, punitive and nominal damages, as appropriate;

      b.     Costs.

      c.     Such other and further relief as is appropriate.

## <u>COUNT III  – ILLINOIS CONSUMER FRAUD ACT</u>

51.     Plaintiff incorporates paragraphs 1-38.

52.     Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

53.     Defendant engaged in such conduct in the course of trade and commerce.

54.     Defendant engaged in such conduct for the purpose of obtaining money from and injuring the credit of plaintiff and others.

55.     Plaintiff and the members of the class were damaged as a result.

56.     The filing of collection lawsuits is regularly picked up and reported by credit bureaus.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

      a.     Actual damages;

      b.     Punitive damages;

      c.     An injunction against further violations;

      d.     Attorney's fees, litigation expenses and costs of suit;

10

e.      Such other or further relief as the Court deems proper.


                              s/ Daniel A. Edelman
                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

                              s/ Daniel A. Edelman
                              Daniel A. Edelman

T:\21443\Pleading\Complaint_Pleading.wpd

11

**NOTICE OF LIEN**

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)