### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DIANE HUGHES,<br>individually and on behalf of the class<br>defined herein, | ) ) ) ) | |
| | ) | 08 C 3685 |
| Plaintiff, | ) | Judge Aspen |
| | ) | |
| vs. | ) | |
| | ) | |
| HARVEST CREDIT MANAGEMENT VII, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### FIRST AMENDED COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     This action seeks redress for the conduct of defendant, a debt buyer, in filing collection actions on purported debts to which it did not have lawful title and without being authorized to collect debts (Counts I-III).

2.     Plaintiff further complains that defendant files time-barred lawsuits (Counts IV-VI).

### ILLINOIS STATUTORY SCHEME FOR REGULATION OF DEBT BUYERS

3.     In order to protect Illinois residents,  the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), was amended effective January 1, 2008 to define debt buyers as "collection agencies".

4.     Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

5.     Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".  By deleting "with

recourse," the legislature intended to classify as a "collection agency" persons such as the

defendant who buy charged-off debts for their own account.

6.    The ICAA creates a licensing regime.  Section 4 of the ICAA, 225 ILCS

425/4, provides:

> **Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

7.    The licensing requirements of the ICAA were imposed to protect the

public.  The  public policy represented by the ICAA is stated in §1a, 225 ILCS 425/1a:

> **Declaration of public policy**
>
> **Sec. 1a. The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.**
>
> **It is further declared to be the public policy of this State to protect consumers against debt collection abuse.**

8.    Sections 14 and 14b of the ICAA, 225 ILCS 425/14 and 14b, make it a

crime to engage in the business of a collection agency without a license.

9.    Section 14a, 225 ILCS 425/14a, provides:

> **Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current**

**license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

10.     In addition, the ICAA contains special assignment requirements in ICAA §8b, 225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

11.     Section 8b of the ICAA provides:

**Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**(i) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name**

3

of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .

12.    Furthermore, the assignment must be attached to the complaint. Candice Co. v. Ricketts, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

13.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . . " 735 ILCS 5/2-403(a).

## OBJECTIVE OF STATUTORY SCHEME

14.    The ICAA amendments were passed to curb several different types of abuses by debt buyers.

15.    One abuse was that there is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

16.    There are multiple  reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt.  Smith v. Mallick, 514 F.3d 48 (D.C.Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result).  See also,  Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D.Ind.,  Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D.Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

4

17.     In <u>Wood v. M&J Recovery LLC</u>,. CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D.N.Y., April 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved.  Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt.  Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

18.     In <u>Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C.</u>, IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D.Ind., April 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

19.     An article that appeared in the trade press shortly before the extension of the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up accounts to collect on. Too small to buy portfolios directly from major credit issuers, they look to the secondary market where portfolios are resold in smaller chunks that they can handle.
>
> But what they sometimes find in the secondary market are horror stories: The same portfolio is sold to multiple buyers; the seller doesn't actually own the portfolio put up for sale; half the accounts are out of statute; accounts are rife with erroneous information; access to documentation is limited or nonexistent. . . . .

Corinna C. Petry, <u>Do Your Homework; Dangers often lay hidden in secondary market debt portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty surprises</u>, Collections & Credit Risk, March 2007, pg. 24, Vol. 12, No. 3.   The article quoted an officer of an Illinois debt buyer who had purchased, or ostensibly purchased, bad paper.

20.     Courts have also dismissed  numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts.   <u>In re Foreclosure Cases</u>, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007); <u>In re Foreclosure Cases</u>, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio

Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D.Ohio. 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D.Ohio, Dec. 27, 2007); NovaStar Mortgage, Inc.  v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D.Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc.  v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D.Ohio., Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D.Ohio., Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App. March 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct.,  Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., January 30, 2008);  HSBC Bank USA, N.A., v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec.  17, 2007); Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

21.    Debt buyer American Acceptance filed a lawsuit alleging that a broker of charged-off debts sold it debts to which it did not have title.  American Acceptance Co. v. Goldberg, 2:08cv9 (N.D.Ind.).  Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D.Fla., filed Nov. 5, 2007).  A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank, Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D.Fla., Jan. 24, 2008).

22.    The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. RMB Holdings, LLC v.

Goldberg & Associates, LLC, 3:07-cv-00406 (E.D.Tenn., filed Oct. 29, 2007).   On May 29, 2008,
a decision was issued in favor of the plaintiff in that case.  RMB Holdings, LLC v. Goldberg &
Associates, LLC, 3:07-cv-00406 (E.D.Tenn.), Dkt. # 24.  The decision finds (p. 2) that "RMB
began making attempts to collect the accounts it purchased from Goldberg," even though
"Goldberg never delivered title or ownership of the accounts to RMB."

      23.     Other debt buyers have voiced similar complaints about defective title to
debts.   "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

      24.     Another abuse was that debt buyers would attempt to collect vaguely-
described debts from the wrong persons.  In 2004, the Federal Trade Commission shut down a
debt buyer called CAMCO headquartered in Illinois.  The following is from a press release issued
by the FTC in connection with that case.

> . . . In papers filed with the court, the agency charged that as much as 80 percent of
> the money CAMCO collects comes from consumers who never owed the original
> debt in the first place. Many consumers pay the money to get CAMCO to stop
> threatening and harassing them, their families, their friends, and their co-workers.
>
> According to the FTC, CAMCO buys old debt lists that frequently contain no
> documentation about the original debt and in many cases no Social Security
> Number for the original debtor. CAMCO makes efforts to find people with the
> same name in the same geographic area and tries to collect the debt from them –
> whether or not they are the actual debtor. In papers filed with the court, the FTC
> alleges that CAMCO agents told consumers – even consumers who never owed the
> money – that they were legally obligated to pay. They told consumers that if they
> did not pay, CAMCO could have them arrested and jailed, seize their property,
> garnish their wages, and ruin their credit. All of those threats were false, according
> to the FTC. . . .   (http://www.ftc.gov/opa/2004/12/camco.htm)

      25.     In addition, debt buyers frequently sue on time-barred debts.  Weniger v.
Arrow Financial Services, 03 C 6213, 2004 U.S. Dist. LEXIS 23172 (N.D.Ill., Nov. 18, 2004);
Parkis v. Arrow Financial Services, 07 C 410, 2008 U.S.Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008);
Ramirez v. Palisades Collection, LLC, 1:07-cv-3840, 2008 U.S. Dist. LEXIS 48722  (N.D.Ill.,
June 23, 2008); Goins v. JBC & Assocs., P.C., 352 F. Supp. 2d 262 (D.Conn. 2005).  One action
complaining of this practice (among others) was filed by the Attorney General of Illinois shortly
before the legislation amending the Collection Agency Act was proposed.  People v. Arrow

Financial Services, 07 CH 2475 (Circuit Court of Cook County).

26.    Such debts are often referred to by the press as "zombie debts."  Eileen
Ambrose, "Zombie Debt; Debt Can Come Back to Haunt You Years Later," The Baltimore Sun,
May 6, 2007, p. 1C ("Zombie debt is just that - an old debt that won't die off. It may be passed
from one debt buyer to another, for years, until one day consumers are startled to find a collector
demanding payment.").

## CONDUCT COMPLAINED OF

27.    Defendant Harvest Credit Management VII, LLC, a debt buyer regulated by
the ICAA since January 1, 2008, systematically files collection lawsuits without compliance with
the ICAA licensing and assignment requirements and, therefore, without valid claims.  In many
cases, the debts are time-barred.

28.    In this action, plaintiff complains that such practice violates both the Fair
Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692f, the ICAA, and the Illinois Consumer
Fraud Act, 815 ILCS 505/2 ("ICFA").

## VENUE AND JURISDICTION

29.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.
§1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

30.    Venue and personal jurisdiction in this District are proper because
defendant's collection communications and activities impacted plaintiff within this District.

## PARTIES

31.    Plaintiff is an individual who resides in the Northern District of Illinois.

32.    Defendant Harvest Credit Management VII, LLC is a limited liability
company organized under the law of Colorado with offices at 600 17th Street, Suite 2800 South,
Denver, CO 80202.

33.    Defendant Harvest Credit Management VII, LLC does business in Illinois.
Its registered agent and office are National Registered Agents Inc., 200 West Adams Street,

Chicago, IL 60606.

34.     Defendant Harvest Credit Management VII, LLC is engaged in the business of enforcing charged-off consumer debts, which it claims to purchase, against the consumers.

35.     Defendant Harvest Credit Management VII, LLC pays an average of less than ten cents on the dollar for the debts.

36.     Defendant Harvest Credit Management VII, LLC regularly uses the mails and telephones to collect debts.

37.     The activities of defendant Harvest Credit Management VII, LLC in Illinois are not limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state.  Rather, defendant Harvest Credit Management VII, LLC has been the plaintiff in more than 80 lawsuits filed in Illinois courts since January 1, 2008 and seeking to collect consumer debts.

38.     Because the purported obligations were originally owed to other entities and were charged off prior to purchase,  Harvest Credit Management VII, LLC is a "debt collector" as defined in the FDCPA.

## FACTS RELATING TO PLAINTIFF

39.     On or about April 7, 2008, Harvest Credit Management VII, LLC filed suit against plaintiff Diane Hughes in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes.   Harvest Credit Management VII, LLC claimed to have purchased the debt.  The case has been dismissed.

40.     The complaint did not attach any sort of assignment.

41.     On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

42.     According to the Web site of the Illinois Department of Financial and

9

Professional Regulation (<u>Exhibit A</u>), Harvest Credit Management VII, LLC does not hold a collection agency license.

43.    The claimed debt was a deficiency on a motor vehicle retail installment contract resulting from the destruction of the vehicle securing the contract in late 2003.

44.    The statute of limitations applicable to the collection of auto retail installment contract and lease debts is four years under sections 2-725 and 2A-506 of the Uniform Commercial Code.  <u>Citizens National Bank of Decatur v. Farmer</u>, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); <u>Fallimento C.Op.M.A. v. Fischer Crane Co.</u>, 995 F.2d 789 (7th Cir. 1993); <u>Associates Discount Corp. v. Palmer</u>, 47 N.J. 183, 219 A.2d 858 (1966); <u>Massey-Ferguson Credit Corp. v. Casaulong</u>, 62 Cal. App. 3d 1024, 133 Cal. Rptr. 497 (1976); <u>Jack Heskett Lincoln-Mercury v. Metcalf</u>, 158 Cal. App. 3d 38; 204 Cal. Rptr. 355 (1984); <u>Worrel v. Farmers Bank of Delaware</u>, 430 A.2d 469 (Del. 1981); <u>Barnes v. Community Trust Bank</u>, 121 S.W.3d 520 (Ky. App. 2003); <u>First of Am. Bank v. Thompson,</u> 217 Mich. App. 581; 552 N.W.2d 516 (1996).

45.    Section 2-725 of the UCC, applicable to retail installment contracts, provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." The Illinois citation is 810 ILCS 5/2-725.

46.    Section 2A-506 of the UCC, applicable to leases, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ."  The Illinois citation is 810 ILCS 5/2A-506.

47.    The claim against Hughes was barred in late 2007 by the four-year Uniform Commercial Code statute of limitations.

## <u>FACTS  – GENERAL</u>

48.    Defendant Harvest Credit Management VII, LLC regularly files lawsuits on debts it claims to have purchased without being licensed under the ICAA, without having an assignment that complies with ICAA §8b, and therefore, without a valid claim.

49.    On information and belief defendant has a practice of filing suit to collect

10

time barred debts.

50.    Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

51.    On information and belief, based on a computer search of court records, defendant has filed over 100 lawsuits in Illinois since January 1, 2008.  The 2008 Cook County cases (83) are listed on Exhibit B.  The 2008 DuPage County cases (10) are listed on Exhibit C. Exhibit D is an incomplete list of cases from other counties (about 20).

### CLASS ALLEGATIONS  – COUNTS I-III

52.    Plaintiff brings Counts I-III of this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53.    The class consists of (a) all individuals (b) against whom defendant Harvest Credit Management VII, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008.

54.    The class is so numerous that joinder of all members is not practicable.

55.    On information and belief, there are at least 40 individuals against whom defendant Harvest Credit Management VII, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008.

56.    There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.    Whether defendant is unlicensed and not exempt from licensure;

b.    Whether defendant engages in a practice of filing lawsuits without attaching  to the complaint an assignment that complied with §8b of the ICAA.

c.    Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about.

11

        d.      Whether such practice is an unfair or deceptive.

        e.      Whether defendant violates the ICAA.

57.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

58.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

59.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.      Individual actions are not economically feasible.

        b.      Members of the class are likely to be unaware of their rights;

        c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

### CLASS ALLEGATIONS  – COUNTS IV-VI

60.     Plaintiff brings Counts IV-VI against the defendant on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

61.     The class consists of (a) all individuals (b) against whom defendant filed or caused to be filed lawsuits (c) in  Illinois, New Jersey, California, Delaware, Kentucky and Michigan (d) to collect auto retail installment contract and lease debts (e) more than four years after the later of default, repossession or charge off, (f) which lawsuit was pending (i) for purposes of Count IV, at any time during a period beginning June 27, 2007 (one year prior to the filing of this action) and ending July 17, 2008 (20 days after the filing of this action), (ii) for purposes of Count V, in Illinois at any time during a period beginning Jan. 1, 2008 and ending July 17, 2008, and (iii) for purposes of Count VI, in Illinois at any time during a period beginning June 27, 2005 (three years prior to the filing of this action) and ending July 17, 2008.

62.     The class is so numerous that joinder of all members is not practicable.

63.     There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members.  The
predominant common questions are whether defendant engages in a practice of filing time-barred
complaints  and whether such practice violates the FDCPA, ICAA or ICFA.

64.    Plaintiff's claim is typical of the claims of the class members.  All are
based on the same factual and legal theories.

65.    Plaintiff will fairly and adequately represent the class members.  Plaintiff
has retained counsel experienced in class actions and FDCPA litigation.

65.    A class action is superior for the fair and efficient adjudication of this
matter, in that:

a.    Individual actions are not economically feasible.

b.    Members of the class are likely to be unaware of their rights;

c.    Congress intended class actions to be the principal enforcement
mechanism under the FDCPA.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

66.    Plaintiff incorporates paragraphs 1-59.

67.    The filing and prosecution of collection lawsuits notwithstanding a known
defense, in the hope that the consumer will not raise the defense, is both a deceptive collection
practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair
collection practice, in violation of 15 U.S.C. §1692f.

68.    Since Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1488
(M.D.Ala.  1987),  "bringing a lawsuit to which there appears to exist a complete defense" in the
hope that the consumer will not realize it exists and will default or pay  has been a violation of the
FDCPA.

69.    In addition, by filing suit defendant misrepresents that it has proper title to
the debt and the right to file suit, when this is not true.

70.    Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)        The false representation of--**

**(A)        the character, amount, or legal status of any debt; . . .**

**(5)        The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

71.    Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)        Statutory damages;

(2)        Actual damages;

(3)        Attorney's fees, litigation expenses and costs of suit;

(4)        Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

72.    Plaintiff incorporates paragraphs 1-59.

73.    Defendant is a "collection agency" as defined in the ICAA.

74.    Defendant threatened and took collection action against plaintiff that defendant was prohibited from taking by the ICAA because defendant was not licensed and not exempt from licensure.

75.    Defendant violated 225 ILCS 425/8b by filing suit without an assignment

14

in  the form specified therein.

76.    Defendant negligently or knowingly violated the following provisions of

225 ILCS 425/9:

> **. . .(20) Attempting or threatening to enforce a right or remedy with knowledge**
> **or reason to know that the right or remedy does not exist.        . . .**

77.    A private right of action exists for violation of the ICAA.  <u>Sherman v.</u>

<u>Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

78.    Plaintiff and the members of the class were damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor

of plaintiff and the class and against defendant:

    (1)    Compensatory, punitive and nominal damages, as

        appropriate;

    (2)    Costs.

    (3)    Such other and further relief as is appropriate.

## COUNT III  – ILLINOIS CONSUMER FRAUD ACT

79.    Plaintiff incorporates paragraphs 1-59.

80.    Defendant's conduct as set forth above constitutes both unfair and

deceptive acts and practices, in violation of  §2 of the Illinois Consumer Fraud Act, 815 ILCS

505/2.

81.    Defendant engaged in such conduct in the course of trade and commerce.

82.    Defendant engaged in such conduct for the purpose of obtaining money

from and injuring the credit of plaintiff and others.

83.    Plaintiff and the members of the class were damaged as a result.

84.    The filing of collection lawsuits is regularly picked up and reported by

credit bureaus.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff

and the class and against defendant for:

      (1)      Actual damages;

      (2)      Punitive damages;

      (3)      An injunction against further violations;

      (4)      Attorney's fees, litigation expenses and costs of suit;

      (5)      Such other or further relief as the Court deems proper.

## <u>COUNT IV  – FAIR DEBT COLLECTION PRACTICES ACT</u>

85.     Plaintiff incorporates paragraphs 1-51 and 60-65.

86.     The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

87.     Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

88.     Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

      (1)      Statutory damages;

(2)    Actual damages;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other and further relief as the Court deems proper.

## COUNT V – ILLINOIS COLLECTION AGENCY ACT

89.    Plaintiff incorporates paragraphs 1-51 and 60-65.

90.    Defendant Harvest Credit Management VII, LLC is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

91.    Defendant violated the following provisions of 225 ILCS 425/9 by filing suit on time barred debts:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

> **. . . No debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice.**

92.    Plaintiff was damaged as a result.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1)    Compensatory and punitive damages;

(2)    Costs.

(3)    Such other and further relief as is appropriate.

## COUNT VI – ILLINOIS CONSUMER FRAUD ACT

93.    Plaintiff incorporates paragraphs 1-51 and 60-65.

94.    Defendant Harvest engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by threatening and filing suits on time-barred debts.

95.    Defendant engaged in such conduct in the course of trade and commerce.

96.    Defendant engaged in such conduct for the purpose of obtaining money from plaintiff and the class members.

17

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants:

(1)    Declaring that the purported debts are time-barred;

(2)    Enjoining defendants from instituting or threatening suit to collect such debts;

(3)    Requiring defendants to notify the class of the judgment;

(4)    For costs of suit;

(5)    For such other and further relief as the Court deems proper.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

T:\21443\Pleading\1st  Amended Complaint_Pleading.wpd

18

**<u>NOTICE OF LIEN AND ASSIGNMENT</u>**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
          & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

      I, Tiffany N. Hardy, hereby certify that on July 25, 2008, I caused to be served on the following true and accurate copies of the foregoing document via hand delivery:

Harvest Credit Management VII, LLC
c/o National Registered Agents
200 W. Adams St.
Chicago, IL 60606

                                    <u>s/ Daniel A. Edelman</u>
                                    Daniel A. Edelman

**EXHIBIT A**

| Division of Professional Regulation | www.idfpr.com |
| --- | --- |
| Daniel E. Bluthardt, Director | Rod R. Blagojevich, Governor |

Start a New Search                                      Printer Friendly View

### SEARCH FOR LICENSEE BY PROFESSION:

### THERE ARE 0 RECORDS WHOSE NAME CONTAINS: havest

### The name, havest, was not found

#### *HINT: You might try searching on part of the name;*
#### *e.g. "tyre" instead of "McIntyre"*

Express Access License Look-Up has been approved for use as a primary source for verification by
the Joint Commission of Accreditation of Healthcare Organizations and
the National Committee for Quality Assurance.

If the "Ever Disciplined" field contains a "Y," there has been disciplinary action taken against this license. Click on the "Y" to view details of the disciplinary action. If you wish to view comprehensive reports in Adobe Acrobat format for disciplines that occurred after September 1996, click **HERE**. The Illinois Department of Professional Regulation publishes a monthly report detailing disciplinary action taken by the Department. Each Disciplinary Report is a listing of all licensees disciplined by the Department within a given month. The information includes the name of the disciplined professional, the city where he/she was practicing at the time of action, the discipline imposed and a brief description of the reason for the discipline. All **Monthly Disciplinary Reports** are accurate on the date of issuance or initial date of publication. However, disciplinary actions may be subject to further court orders that may stay, affirm, reverse, remand or otherwise alter Department disciplinary orders. Please note that discipline which has been reversed by court order will not appear in this summary of discipline.

Click **here** for definitions of the different types of disciplinary actions the Department may impose.

**NOTE:** This license look-up is accurate for the current license status, but due to computer conversions, the original issuance date may be in error. If the issuance date shown is 01/01/1997, this is a computer generated date, not the original issuance date. For original issuance dates, please contact the Department.

**Division of Professional Regulation**

www.idfpr.com

Daniel E. Bluthardt, Director

Rod R. Blagojevich, Governor

### Division Links

IDFPR Home
Applicant Services
Consumer Services
Disciplinary Services
Employer Services
Licensee Services
Related Links
Division Overview
General FAQ's
Small Business
Advisories (DCEO)
IDFPR Divisions:
Banking
Financial Institutions
Insurance
Professional Regulation
**Illinois Home**

**Consumer
Services**

June 29, 2008

Division Features



**License
Look-up**

**License
Renewal**

**Address Change**

**Disciplinary
Reports**

**News &
Publications**

**License Look-up** has been approved for use as a primary source for verification by The Joint Commission of Accreditation of Healthcare Organizations, the National Committee for Quality Assurance and the American Osteopathic Association's Healthcare Facilities Accreditation Program. License Look-up results include the Licensee's Name, License Number, License Status, City and State, Original Date of Licensure, License Expiration Date and Disciplinary Action Indicator.

**Search by Name** : (Enter profession, last name, business name, first initial)
Profession and Last Name are required fields.

> **\* NOTE:** *The box for Search Similar Names is checked by default. If you would like to narrow your search results please remove the checkmark from the box and try your search again. Thank you.*

Profession:  COLLECTION AGENCY

Last Name or Business Name:  harvest          Search
Similar Names: 

First Initial:          How many rows per page?
                Search ⊚

**NOTE:** To search for detailed license information on Physicians in the State of Illinois, Click Here.
**NOTE:** To search for Timeshare or Land Sales Licensees, Click Here.

**Search by License Number :** Enter the full license number:

License Number:                  Search ⊚

**Bulk License Look-up:**

**Bulk License Look-up**

In addition to our License Look-up feature which allows individuals to look up an Illinois professional licensed by IDPR, Bulk License Look-up allows businesses to look up multiple licenses at one time. Please note that the same licensee information is returned from both License Look-up and Bulk License Look-up.

### Mailing Address
**Springfield Office:**
320 West Washington St
Springfield, IL 62786  Directions

**Chicago Office:**
James R. Thompson Ctr
100 W. Randolph St
Suite 9-300
Chicago, IL 60601  Directions

### Telephone
**Springfield Office:**
(217)785-0800
**(217)782-3414**
**For Real Estate Calls**
(217)524-6735
TDD
(217)782-7645
FAX
Chicago:
(312)814-4500

**IDPR Official**
The information furnished is from DPR's official databases and is updated daily. If you are unable to find the licensee information you want, you may contact the division by phone at **(217) 785-0800** or by mail at **320 West Washington, Springfield, IL 62786.**

Case 1:08-cv-03685    Document 10-2    Filed 07/25/2008    Page 5 of 5

Copyright © 2008 Financial & Professional Regulation

| Illinois Privacy Information | IDFPR Privacy Statement | Kids Privacy | Web Accessibility

**EXHIBIT B**



*Dorothy Brown*

# Clerk *of the*
# Circuit Court
*Cook County*

*Division: Civil*

**Click on Case Number for Case Information Summary**

Name Search Results for: HARVEST CREDIT

| Case Number | Plaintiff | Defendant | Date Filed |
|---|---|---|---|
| 2008-M1-145663 | HARVEST CREDIT | RUSSELL DANA | 06/05/2008 |
| 2008-M1-145684 | HARVEST CREDIT MGT | WILLIAMS ERMINIA | 06/05/2008 |
| 2008-M1-145685 | HARVEST CREDIT MGT | GONZALEZ MARITZA | 06/05/2008 |
| 2008-M1-145723 | HARVEST CREDIT MGT | MARTINEZ MARCO | 06/05/2008 |
| 2008-M1-145724 | HARVEST CREDIT MGT | OWEN SUZANNE TERES | 06/05/2008 |
| 2008-M1-145725 | HARVEST CREDIT MGT | MEYERS GERALD D | 06/05/2008 |
| 2008-M1-145726 | HARVEST CREDIT MGT | LEMON RADE | 06/05/2008 |
| 2008-M1-145727 | HARVEST CREDIT MGT | RODRIGUEZ HERBERT | 06/05/2008 |
| 2008-M1-145029 | HARVEST CREDIT MGT | PETERSON DAVE | 06/04/2008 |
| 2008-M1-130873 | HARVEST CREDIT MGT | NICKERSON CONNIE O | 04/17/2008 |
| 2008-M1-128126 | HARVEST CREDIT MGT | HUGHES DIANE | 04/07/2008 |
| 2008-M1-127695 | HARVEST CREDIT MGT | ORTIZ VALENTINO | 04/04/2008 |
| 2008-M1-127235 | HARVEST CREDIT MAN | TOLENTINO MAY ANN | 04/03/2008 |
| 2008-M1-127239 | HARVEST CREDIT MAN | PEDONE DENNIS F | 04/03/2008 |
| 2008-M1-127240 | HARVEST CREDIT MAN | MARCIAL LEMUEL | 04/03/2008 |
| 2008-M1-127241 | HARVEST CREDIT MAN | ALI TARIQ | 04/03/2008 |
| 2008-M1-127244 | HARVEST CREDIT MAN | RICHARDSON GLOSTER | 04/03/2008 |
| 2008-M1-127245 | HARVEST CREDIT MAN | WARD FREDERICK | 04/03/2008 |
| 2008-M1-127246 | HARVEST CREDIT MAN | VARGAS ELIZABETH | 04/03/2008 |
| 2008-M1-127251 | HARVEST CREDIT MAN | UNDERWOOD BILL | 04/03/2008 |
| 2008-M1-127252 | HARVEST CREDIT MAN | MUHAMMAD LONTA | 04/03/2008 |
| 2008-M1-124137 | HARVEST CREDIT MAN | RING CAROL A | 03/25/2008 |
| 2008-M1-124138 | HARVEST CREDIT MAN | BERRY RONALD L | 03/25/2008 |
| 2008-M1-124139 | HARVEST CREDIT MAN | KOTARBA THOMAS | 03/25/2008 |
| 2008-M1-124140 | HARVEST CREDIT MAN | FERNANDO LUIS G | 03/25/2008 |
| 2008-M1-124141 | HARVEST CREDIT MAN | MARTINEZ MARCO | 03/25/2008 |

| 2008-M1-124142 | HARVEST CREDIT MAN | ADESOYE ADIJATU A | 03/25/2008 |
| 2008-M1-124518 | HARVEST CREDIT MAN | POLK DONALD R | 03/25/2008 |
| 2008-M1-122783 | HARVEST CREDIT MGT | WILBON BRENDA | 03/19/2008 |
| 2008-M1-117190 | HARVEST CREDIT MAN | LERCH THOMAS E | 02/28/2008 |
| 2008-M1-116047 | HARVEST CREDIT MGT | HEARNS JERSEPTA | 02/27/2008 |
| 2008-M1-116048 | HARVEST CREDIT MGT | MACON REYNALDO | 02/27/2008 |
| 2008-M1-116049 | HARVEST CREDIT MGT | MARION NOELL | 02/27/2008 |
| 2008-M1-116050 | HARVEST CREDIT MGT | MORALES ANAIS | 02/27/2008 |
| 2008-M1-116051 | HARVEST CREDIT MGT | MORENO ARMANDO | 02/27/2008 |
| 2008-M1-116052 | HARVEST CREDIT MGT | PARKER ANN | 02/27/2008 |
| 2008-M1-116053 | HARVEST CREDIT MGT | PETERSON KEITH JR | 02/27/2008 |
| 2008-M1-116054 | HARVEST CREDIT MGT | ROSEMAN DANNY | 02/27/2008 |
| 2008-M1-116055 | HARVEST CREDIT MGT | SLAUGHTER STEPHANI | 02/27/2008 |
| 2008-M1-116056 | HARVEST CREDIT MGT | THOMAS ANNIE M | 02/27/2008 |
| 2008-M1-116057 | HARVEST CREDIT MGT | VARGAS NOE | 02/27/2008 |
| 2008-M1-116058 | HARVEST CREDIT MGT | WHITE JAMES | 02/27/2008 |
| 2008-M1-116455 | HARVEST CREDIT MGT | ARREOLA JOHN | 02/27/2008 |
| 2008-M1-115612 | HARVEST CREDIT MGT | FELICIANO JUDITH C | 02/26/2008 |
| 2008-M1-115613 | HARVEST CREDIT MGT | BROWN JEANNETTE | 02/26/2008 |
| 2008-M1-115614 | HARVEST CREDIT MGT | WATKINS CHANDRA C | 02/26/2008 |
| 2008-M1-115615 | HARVEST CREDIT MGT | SANCHEZ RICARDO | 02/26/2008 |
| 2008-M1-115616 | HARVEST CREDIT MGT | LEE KEVIN | 02/26/2008 |
| 2008-M1-115617 | HARVEST CREDIT MGT | PLEDGER DREENA J | 02/26/2008 |
| 2008-M1-115621 | HARVEST CREDIT MGT | JOYNER LAWRENCE | 02/26/2008 |
| 2008-M1-115624 | HARVEST CREDIT MGT | PURTELL MARTIN JR | 02/26/2008 |
| 2008-M1-115625 | HARVEST CREDIT MGT | HYUN HYE S | 02/26/2008 |
| 2008-M1-115632 | HARVEST CREDIT MGT | JACKSON HAZEL M | 02/26/2008 |
| 2008-M1-115639 | HARVEST CREDIT MGT | NEWMAN JEANNE T | 02/26/2008 |
| 2008-M1-115662 | HARVEST CREDIT MGT | GUNTHER STEVEN | 02/26/2008 |
| 2008-M1-114461 | HARVEST CREDIT MGT | HOWATT REBECCA | 02/25/2008 |
| 2008-M1-114033 | HARVEST CREDIT MGT | PEREZ LETISIA | 02/22/2008 |
| 2008-M1-114034 | HARVEST CREDIT MGT | WILLIAMS CAROL | 02/22/2008 |
| 2008-M1-114111 | HARVEST CREDIT MGM | CRUMP MELISSA M | 02/22/2008 |
| 2008-M1-114118 | HARVEST CREDIT MGT | ARREOLA LEONEL | 02/22/2008 |
| 2008-M1-114120 | HARVEST CREDIT MGT | LYNUM APRIL | 02/22/2008 |
| 2008-M1-114121 | HARVEST CREDIT MGT | SHELTON STEPHEN | 02/22/2008 |
| 2008-M1-113121 | HARVEST CREDIT MGT | JACQUE VLADIMIR JE | 02/21/2008 |
| 2008-M1-113232 | HARVEST CREDIT MGT | COMBS STEVEN G | 02/21/2008 |

| | | | |
|---|---|---|---|
| 2008-M1-113233 | HARVEST CREDIT MGT | BLOHM MICHAEL A | 02/21/2008 |
| 2008-M1-113234 | HARVEST CREDIT MGT | BARRETT ALLEN E | 02/21/2008 |
| 2008-M1-112171 | HARVEST CREDIT MAN | KURTER HASAN A | 02/15/2008 |
| 2008-M1-112241 | HARVEST CREDIT MGT | MRVOS STACY | 02/15/2008 |
| 2008-M1-111007 | HARVEST CREDIT MGT | TAMIR YARON | 02/11/2008 |
| 2008-M1-111012 | HARVEST CREDIT MGT | PARKINSON OLIVE | 02/11/2008 |
| 2008-M1-102992 | HARVEST CREDIT MGT | ROGERS CHRIS J | 01/15/2008 |
| 2008-M1-102994 | HARVEST CREDIT MGT | MAZUREK LESZEK K | 01/15/2008 |
| 2008-M1-103000 | HARVEST CREDIT MGT | VAZQUEZ CAROL | 01/15/2008 |
| 2008-M1-103150 | HARVEST CREDIT MGT | HAYES KIMBERLY A | 01/15/2008 |
| 2008-M1-103156 | HARVEST CREDIT MGT | BERTOLA JESSICA | 01/15/2008 |
| 2008-M1-102689 | HARVEST CREDIT MGT | CARDONA LUCY | 01/14/2008 |
| 2008-M1-102700 | HARVEST CREDIT MGT | FOX LEA | 01/14/2008 |
| 2008-M1-101673 | HARVEST CREDIT MGT | DOMINGUEZ MONTSE | 01/09/2008 |
| 2008-M1-101681 | HARVEST CREDIT MGT | MCCONNELL WAYBON | 01/09/2008 |
| 2008-M1-101735 | HARVEST CREDIT MGT | FARMER JOHN E SR | 01/09/2008 |
| 2008-M1-101205 | HARVEST CREDIT MGT | MARSHALL DAJUAN | 01/08/2008 |
| 2008-M1-101214 | HARVEST CREDIT MGT | DIXON PORSCHA | 01/08/2008 |
| 2008-M1-101336 | HARVEST CREDIT MGT | CARRIZALES ROXANNE | 01/08/2008 |
| 2007-M1-255293 | HARVEST CREDIT MGT | LEWANDOWSKI GREGOR | 12/21/2007 |
| 2007-M1-255294 | HARVEST CREDIT MGT | JENKINS WESLEY | 12/21/2007 |
| 2007-M1-255295 | HARVEST CREDIT MGT | PHILLIPS CRYSTAL G | 12/21/2007 |
| 2007-M1-255296 | HARVEST CREDIT MGT | SVARZ GERALD F | 12/21/2007 |
| 2007-M1-255297 | HARVEST CREDIT MGT | GOLDEN MARKITA | 12/21/2007 |
| 2007-M1-255085 | HARVEST CREDIT MGT | COX TENNISHA | 12/20/2007 |
| 2007-M1-254409 | HARVEST CREDIT MGT | HAYWARD ALISA MARI | 12/19/2007 |
| 2007-M1-251174 | HARVEST CREDIT MGT | PHILLIPS DENNIS R | 12/13/2007 |
| 2007-M1-223878 | HARVEST CREDIT MGT | SCHMIDTKE JUSTIN | 12/10/2007 |
| 2007-M1-219479 | HARVEST CREDIT MGT | HANAFORD JUDY | 12/03/2007 |
| 2007-M1-219526 | HARVEST CREDIT MGT | SMITH ROBERT A | 12/03/2007 |
| 2007-M1-219540 | HARVEST CREDIT MGT | BROOKS ROBERT | 12/03/2007 |
| 2007-M1-219618 | HARVEST CREDIT MGT | WAYMAN ROBERT | 12/03/2007 |
| 2007-M1-219435 | HARVEST CREDIT MAN | WILKINS CAROL | 11/30/2007 |
| 2007-M1-217857 | HARVEST CREDIT MGT | MUNOZ RICHARD D | 11/27/2007 |
| 2007-M1-215510 | HARVEST CREDIT MGT | BELL GEORGE JR | 11/19/2007 |
| 2007-M1-214055 | HARVEST CREDIT MGT | FAHY SHERI L | 11/14/2007 |
| 2007-M1-214056 | HARVEST CREDIT MGT | ANDERSON OCTAVIA | 11/14/2007 |
| 2007-M1-214057 | HARVEST CREDIT MGT | GIRON KARLA | 11/14/2007 |

**EXHIBIT C**



### Office of the Clerk of the Circuit Court
### DuPage County, Illinois



Search                                    Quick Links        Home

Your Search Criteria                                    ::

**Full Last Name**        HARVEST CREDIT MANAGEMENT
                          VII LLC

**First Name**

**Middle Name**

**Birth Date
(MM/DD/YYYY)**

**List of Cases**                                    Back to Search

Click on Case Number to view Cases History                                    ::

1    Go                                    Next>>

| Case Number | Title | Role | Birth Date | Legal Status |
|---|---|---|---|---|
| 2008SR000324 | HARVEST CREDIT MANAGEMENT VII LLC -VS- RICHARD A WATSON | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2008SR000319 | HARVEST CREDIT MANAGEMENT VII LLC -VS- JOHN DIGIULIO | FIRST-NAMED PLAINTIFF | | ACTIVE |
| 2008SR000122 | HARVEST CREDIT MANAGEMENT VII LLC -VS- AGIM DEMIRI | FIRST-NAMED PLAINTIFF | | ACTIVE |
| 2008SC003352 | HARVEST CREDIT MANAGEMENT VII LLC -VS- LAURA BRENT | FIRST-NAMED PLAINTIFF | | ACTIVE |
| 2008SC001821 | HARVEST CREDIT MANAGEMENT VII LLC -VS- DAVID BRAZEAU | FIRST-NAMED PLAINTIFF | | ACTIVE |
| 2008SC001159 | HARVEST CREDIT MANAGEMENT VII LLC -VS- RUTH A BENNETT | FIRST-NAMED PLAINTIFF | | ACTIVE |
| 2008AR001228 | HARVEST CREDIT MANAGEMENT VII LLC -VS- JOHN SCHUMANN | FIRST-NAMED PLAINTIFF | | ACTIVE |
| 2008AR000117 | HARVEST CREDIT MANAGEMENT VII LLC -VS- ROBERT FAHRNEY | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007SR001786 | HARVEST CREDIT MANAGEMENT VII LLC -VS- LUIC C SALDANA | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007SR001785 | HARVEST CREDIT MANAGEMENT VII LLC -VS- ANDREW G RAPACZ | FIRST-NAMED PLAINTIFF | | CLOSED |

1    Go                                    Next>>

If you have questions, or you are experiencing technical difficulties,
please Click here to send mail.
© Copyright 2004
Clerk of the 18th Judicial Circuit Court



## Office of the Clerk of the Circuit Court
## DuPage County, Illinois



Search                                    Quick Links        Home

Your Search Criteria

**Full Last Name**     HARVEST CREDIT MGT VII

**First Name**

**Middle Name**

**Birth Date (MM/DD/YYYY)**

Back to Search

**List of Cases**

Click on Case Number to view Cases History

1    Go                                              Next>>

| Case Number | Title | Role | Birth Date | Legal Status |
|---|---|---|---|---|
| 2008SR000163 | HARVEST CREDIT MGT VII -VS- CAROLYN J KANTHACK | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2008SC001089 | HARVEST CREDIT MGT VII -VS- OMAR A CHAHILL | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007SR002388 | HARVEST CREDIT MGT VII -VS- TOULA L GEORGACOPOULOS | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007SR000152 | HARVEST CREDIT MGT VII -VS- MOLLY B FERRARI | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007SC009169 | HARVEST CREDIT MGT VII -VS- MICHAEL MITTMAN | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007SC004174 | HARVEST CREDIT MGT VII -VS- LEONARD LADD | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007SC000894 | HARVEST CREDIT MGT VII -VS- DONALD P HEATH | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2007AR000899 | HARVEST CREDIT MGT VII -VS- ROBERT F ISAAC | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2006SR001188 | HARVEST CREDIT MGT VII -VS- SHEILA M GRANT | FIRST-NAMED PLAINTIFF | | CLOSED |
| 2006SC007297 | HARVEST CREDIT MGT VII -VS- JOHANNA HAMER | FIRST-NAMED PLAINTIFF | | CLOSED |

1    Go                                              Next>>

If you have questions, or you are experiencing technical difficulties, please Click here to send mail.

**EXHIBIT D**

1210V5

```
Time of Request: Sunday, June 29, 2008   14:14:21 EST
Client ID/Project Name: 430
Number of Lines: 254
Job Number:       1822:100620698

Research Information

Service:   Terms and Connectors Search
Print Request: All Documents 1-38
Source: IL Public Records, Combined
Search Terms: harvest /2 credit & date(>2007) & 08! and not(cook or foreclosure
or dupage)
```

```
Send to:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593
```

1. ALGER;JEFF, 08SC 0000534, 3/12/2008, JUDGMENT, MCHENRY COUNTY, ILLINOIS
CHASE BANK        **HARVEST CREDIT** MGMT

2. ALGER,JEFF, 08SC534, SMALL CLAIMS JUDGMENT, 03/12/2008, IL JUDGMENTS AND LIENS
**HARVEST CREDIT** MANAGEMENT

3. BANNER;JEANNE, 08SC 0000764, 3/11/2008, JUDGMENT, KANE COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT VII

4. BRYAN;SENECA J, 08SC 0000925, 4/9/2008, JUDGMENT, MCHENRY COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT VII LLC

5. BRYAN;SENECA, 08SC 0000926, 4/9/2008, JUDGMENT, MCHENRY COUNTY, ILLINOIS
BARCLAYS BANK        **HARVEST CREDIT** MGMT VII LLC

6. BUENO;CELSO, 08SC 0000241, 2/7/2008, JUDGMENT, KANE COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT VII

7. BUMPHREY;RHONDA S, 08LM 0000011, 4/1/2008, JUDGMENT, CARROLL COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT VII

8. DONOVAN;KELLY, 08SC 0000077, 4/10/2008, JUDGMENT, FRANKLIN COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT

9. EBERLE,JULIE, 07SC4376, SMALL CLAIMS JUDGMENT, 02/08/2008, IL JUDGMENTS AND LIENS
**HARVEST CREDIT** MANAGEMENT VII

10. EBERLE,KREIG, 07SC4376, SMALL CLAIMS JUDGMENT, 02/08/2008, IL JUDGMENTS AND LIENS
**HARVEST CREDIT** MANAGEMENT VII

11. EDGAR;JOYA, 08SC 0000370, 5/19/2008, JUDGMENT, MCHENRY COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT VII

12. GERDTS;KATHY, 08AR 0000007, 2/25/2008, JUDGMENT, WHITESIDE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII

13. HARVEST CREDIT MANAGEMENT VII v. VAZQUEZ;SERGIIO, 08SC 0002134, 3/11/2008, CIVIL SUIT,
LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII

14. HARVEST CREDIT MANAGEMENT VII v. LOPEZ;MARTHA E, 08SC 0002136, 3/11/2008, CIVIL SUIT,
LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII

15. HARVEST CREDIT MGMT v. BRYAN;SENECA J, 08SC 0000925, 3/11/2008, CIVIL SUIT, MCHENRY
COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT

16. HARVEST CREDIT MGMT v. BRYAN;SENECA, 08SC 0000926, 3/11/2008, CIVIL SUIT, MCHENRY
COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT

17. HARVEST CREDIT MGMT v. KACHEL;JAMES, 08SC 0000927, 3/11/2008, CIVIL SUIT, MCHENRY
COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT

18. HARVEST CREDIT MGMT v. ALGER;JEFF, 08SC 0000534, 2/7/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT

19. HARVEST CREDIT MGMT VII v. BUENO;CELSO, 08SC 0000241, 1/9/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT VII

20. HARVEST CREDIT MANAGEMENT VII v. CASTELLANOS;ERICA, 08SC 0001505, 4/24/2008, CIVIL SUIT, WINNEBAGO COUNTY, WISCONSIN
**HARVEST CREDIT** MANAGEMENT VII

21. HARVEST CREDIT MGMT v. EDGAR;JOYA, 08SC 0000370, 1/25/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT

22. HARVEST CREDIT MGMT v. NICHOLS;SEAN L, 08SC 0000374, 1/25/2008, CIVIL SUIT, MCHENRY COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT

23. HARVEST CREDIT MANGEMENT VII v. SORENSEN;GLENDA, 08SC 0001648, 2/21/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANGEMENT VII

24. HARVEST CREDIT MANAGEMENT VII LLC v. LUNA;YENITZA K, 08SC 0001650, 2/21/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII LLC

25. HARVEST CREDIT MGMT V11 v. BANNER;JEANINE, 08SC 0000764, 2/7/2008, CIVIL SUIT, KANE COUNTY, ILLINOIS
**HARVEST CREDIT** MGMT V11

26. HARVEST CREDIT MANAGEMENT VII v. VELASCO;CHRISTIN, 08SC 0001214, 2/7/2008, CIVIL SUIT, LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII

27. HARVEST CREDIT MGMT VII V BUMPHREY, 08LM 0000011, 5/1/2008, SATISFIED JUDGMENT, CARROLL COUNTY, ILLINOIS
4/1/2008

28. HARVEST CREDIT MANAGEMENT VII LLC v. KOOPER;NICHELLE MARIE, 08SC 0002290, 3/13/2008, CIVIL SUIT, WILL COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII LLC

29. KACHEL;JAMES, 08SC 0000927, 4/9/2008, JUDGMENT, MCHENRY COUNTY, ILLINOIS
CHASE/CIRCUIT CITY     **HARVEST CREDIT** MGMT VII LLC

30. LUNA;YENTIZA K, 08SC 0001650, 4/2/2008, JUDGMENT, LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII

31. LUNA;YENTIZA K, 08SC 0001650, 5/6/2008, VACATED JUDGMENT, LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII
4/2/2008

32. MILLER,BRIAN, 08SC316, SMALL CLAIMS JUDGMENT, 02/25/2008, IL JUDGMENTS AND LIENS
**HARVEST CREDIT** MANAGMENT

33. MILLER;BRAIN, 08SC 0000316, 2/25/2008, JUDGMENT, ST. CLAIR COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII LLC

34. MONARREZ;JUAN E, 08SC 0000387, 4/28/2008, JUDGMENT, WHITESIDE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII

35. MONARREZ,JUAN E, 08SC387, SMALL CLAIMS JUDGMENT, 04/28/2008, IL JUDGMENTS AND LIENS
**HARVEST CREDIT** MANAGEMENT VII

36. VAN GORDER,RYAN, 08SC437, SMALL CLAIMS JUDGMENT, 04/21/2008, IL JUDGMENTS AND LIENS
**HARVEST CREDIT** MANAGEMENT VII

37. VAZQEUZ;SERGIO, 08SC 0002134, 6/11/2008, JUDGMENT, LAKE COUNTY, ILLINOIS
**HARVEST CREDIT**

38. VELASCO;CHRISTIN, 08SC 0001214, 6/11/2008, JUDGMENT, LAKE COUNTY, ILLINOIS
**HARVEST CREDIT** MANAGEMENT VII

```
********** Print Completed **********                                 1210V5

Time of Request: Sunday, June 29, 2008  14:14:21 EST

Print Number:   1822:100620698
Number of Lines: 254
Number of Pages:
```

```
Send To:  EDELMAN, DAN
          EDELMAN COMBS & LATTURNER
          120 S LA SALLE ST FL 18
          CHICAGO, IL 60603-3593
```