IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE HUGHES, individually and on behalf of the class defined herein, ) ) ) | |
| Plaintiff, ) ) | Case No.: 08 C 3685 |
| v. ) ) | Judge: Conlon |
| HARVEST CREDIT MANAGEMENT VII, LLC, ) ) ) ) | |
| Defendant. ) | |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

This matter came for hearing on May 11, 2009, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement") dated as of January, 2009. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On February 6, 2009, this Court preliminarily approved the Class Settlement Agreement reached between plaintiff Diane Hughes ("Plaintiff"), and Defendant Harvest Credit Management VII, LLC ("Defendant") for the claims alleged in the above-captioned matter *Diane Hughes, individually and on behalf of the class defined herein v. Harvest Credit Management VII, LL*, Case No. 08 C 3685 filed in the United States District Court for the Northern District of Illinois, Eastern Division. The Court approved a form notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to 123 class members (counting couples and other joint persons as a single class member). A total of 14 envelopes were returned

by the United States Postal Service marked not deliverable with no forwarding addresses available. No envelopes were returned and successfully re-mailed to a forwarding address. Only one class member requested an exclusion and no objections were filed or received.

2. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Members of the Class, and the Defendant.

4. In the Preliminary Approval Order, the Court certified a class defined as:

(a) all individuals, (b) against whom defendant Harvest Credit Management VII, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January 1, 2008.

5. With respect to the Class and for settlement purposes only, this Court finds and concludes that:

(a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable,

(b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Litigation,

(c) the claims of the Plaintiff and the Class Representative are typical of the claims of the members of the Class,

(d) the Class Representative has fairly and adequately protected the interests of the members of the Class,

(e) a class action is superior to other available methods for an efficient adjudication of this controversy, and

(f) the law firm of Edelman, Combs, Latturner & Goodwin, LLC is qualified to serve as counsel for Plaintiff and the Class.

6. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Illinois law and due process under the United States Constitution.

7. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

8. Except as to any individual claim of those Persons (identified in Appendix A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed without prejudice as to the Plaintiff and Class Representative and the other Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

8. Defendant will maintain a list of class members. It will also retain the account numbers that identify the accounts and balances subject to the credit and the release, or cash payment, as applicable.

9. Excluded from the Class are those Persons (identified in Appendix A hereto) who timely and validly requested exclusion.

10. Plaintiff releases and forever discharges Defendant, and its past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees,

attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs and liabilities of any kind, whether known or unknown, including but not limited to claims relating or referencing Plaintiff's Account, and claims that Plaintiff did or could have asserted against Defendant in the Litigation.

11. Each class member not opting out, as of the Effective Date of the Agreement, releases and forever discharges the Released Parties of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, that were made or which could have been made by Plaintiff on behalf of herself or on behalf of the above-defined class in the Litigation, in law or in equity, relating to the allegations in the Litigation, the form of Defendant's collection complaints including the form of any documents accompanying Defendant's collection complaints, as well as any claim that Defendant lacked standing to sue on or had an invalid assignment. Excluded from this release are any and all claims and defenses that class members could assert against the Released Parties for lawsuits filed by the Released Parties against Plaintiff or class members on or after the date set by the court for class members to opt out of the class. Nothing herein shall prevent Defendant from continuing to attempt to collect the debts allegedly owed by the class members. In addition, class members do not release any claims or defenses they may have regarding (1) garnishment, (2) seizure of allegedly exempt funds, (3) the service of Defendant's collection complaints, or (4) the statute of limitations applicable to Defendant's collection complaint.

12. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

13. The Court dismisses the claims of Plaintiff and the Class against Defendant and the Released Parties without prejudice and without costs.

14. Within thirty-five (35) days of this Order, Defendant shall make all payments required by the Agreement.

15. Within thirty-five (35) days of the Effective Date as defined in the Agreement, Defendant shall file a notice ("Notice of Compliance") that Defendant has complied with the terms of the Agreement and all Class members have received the appropriate relief as set forth in the Class Settlement Agreement.

16. Ten days after the Notice of Compliance has been filed, the Court will enter an order converting the dismissal to a dismissal with prejudice, absent a timely motion by Plaintiff or Defendant.

17. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of $15,000. The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay $15,000 to Edelman Combs Latturner & Goodwin, LLC in accordance with the Agreement.

18. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and the Class Representative, the Class and the Released Parties for the purpose of : enforcing this final judgment and final approval order.

19. This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

IT IS SO ORDERED.

DATED: 5/11/2009

By: _____
The Honorable Judge Suzanne B. Conlon

# APPENDIX A

April 20, 2009


Redacted

Edelman, Combs, Latturner, and Goodwin
120 S. LaSalle Street
Chicago, IL 60603

Dear Sir or Madam:

This letter is to inform you that I wish to be excluded from Hughes vs. Harvest Credit Management VII, LLC. The case number is No. 08 C 3685; ECLG No. 21443.

I was sued by Harvest Credit Management in a suit that was filed in early January 2009 in Macoupin County, Illinois. That case number was 09-SC-16.

I have forwarded a copy of this letter to the Clerk of the Court of the U.S. District Court for the Nothern District of Illinois.

My address and phone number are given above, and my signature is below. My social security number is ▓▓▓▓▓▓.

Thank you for your attention to this matter.

Sincerely,

*Janice A. Emery*
Janice A. Emery



Redacted

Coburn, Corly, Latimer & Mostin
120 S. LaSalle St.
Chicago, IL 60603